UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Pedro C.,

          Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

          Respondents.

File No. 26-cv-78 (ECT/JFD)

**OPINION AND ORDER**

David L. Wilson and Katherine Lourdes Santamaria El Bayoumi, Wilson Law Group, Minneapolis, MN, for Petitioner Pedro C.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood.

      Petitioner Pedro C. is an Ecuadoran citizen who has lived in the United States without authorization since January 2020, when he entered the country without inspection. Pet. ¶¶ 13, 27–28. On February 15, 2020, United States Border Patrol encountered Pedro near Sasabe, Arizona. ECF No. 5 ¶ 4. Pedro "was issued a Notice and Order of Expedited

Removal, Form I-860 and was placed in fear proceedings." *Id.* On May 4, 2020, United States Citizenship and Immigration Services ("USCIS") "made a positive credible fear determination" and issued a Notice to Appear, Form I-862, charging Pedro as subject to removal from the United States pursuant to Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") (codified under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I)). *See* ECF No. 5 ¶ 5. On June 9, 2020, an immigration judge granted a bond of $8,000, and on June 11, 2020, Pedro was released from ICE custody after posting the bond. *See id.* ¶¶ 6–7. On November 16, 2022, an immigration judge in Hartford, Connecticut, dismissed Pedro's case. *See id.* ¶ 8. On January 7, 2026, Pedro was arrested in Minnesota by Immigration and Customs Enforcement ("ICE") and Enforcement and Removal Operations ("ERO") during "Operation Metro Surge." *See id.* ¶ 9. Pedro filed the present petition for writ of habeas corpus on January 7, 2026, while being held in ICE custody in Minnesota. *See* Pet. ¶ 35; ECF No. 5 ¶ 10. "On January 8, 2026, [Pedro] was transferred to El Paso Camp East Montana in El Paso, [Texas] for bed space decompression." ECF No. 5 ¶ 11. "At the time of the transfer, ICE/ERO was not aware of any habeas that was filed nor any requests to not be transferred." *Id.* On January 8, 2026, ICE issued Pedro a Form I-862 Notice to Appear, charging his removability under INA Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I), as follows:

> 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

> 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

ECF No. 5 ¶ 12; ECF No. 5-1 at 4.  Pedro is currently in ICE custody at El Paso Camp East Montana, "awaiting his court date with th[e] [immigration judge] on January 15, 2026." ECF No. 5 ¶ 13; *see* ECF No. 5-1 at 2.  Pedro has "no pending criminal charges" and "no criminal history that subjects him to mandatory custody under 8 U.S.C. § 1226(c)."  Pet. ¶¶ 31, 34.

Here, Pedro challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 8.  He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing).  *Id.* ¶¶ 2, 4, 36–61, 69–77; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to Pedro, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations.  *See* Pet. ¶¶ 69–77, 83–91.  He seeks a declaration that his detention absent a bond hearing violates the Due Process Clause of the Fifth Amendment; issuance of a writ of habeas corpus ordering Respondents to release him from custody or set a bond hearing for him pursuant to 8 U.S.C. § 1226(a); an order enjoining his removal or transfer out of

3

the District of Minnesota during the pendency of this case; and an award of attorneys' fees and costs. Pet. at 23–24.

Respondents argue that the petition fails on the merits as a matter of statutory interpretation.[1] ECF No. 4 at 3–14. Courts in this District have repeatedly considered and rejected Respondents' argument, and it will be rejected here as well.

Pedro has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of January 10, 2026,

---

[1] Respondents do not challenge this Court's subject-matter jurisdiction to consider Pedro's petition. *See* ECF No. 5. Nonetheless, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

4

only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Pedro has lived in the United States for six years. His detention falls under § 1226 and not § 1225(b)(2). *See* ECF No. 5-1 at 1 (stating that Pedro is an "alien present in the United States who has not been admitted or paroled," not an "arriving alien").

For these reasons, Pedro is subject to discretionary detention and entitled to a bond hearing.[2]

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Pedro C.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 13, 2026                         s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court

---

[2]  Though Pedro alternatively requests release, *see* Pet. at 23, that will not be granted. Pedro's regulatory arguments will not be addressed.